FILED

JUN 16 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL C. HEFLIN, an individual, | No. 10-55287 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-07587-R-AJW |
| v. | |
| COUNTY OF LOS ANGELES, a public entity Erroneously Sued As Los Angeles County Sheriff's Department; LEROY BACA, an individual, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted June 9, 2011[**]
Pasadena, California

Before: BEEZER, TROTT, and RYMER, Circuit Judges.

While employed as a Los Angeles County Deputy Sheriff Robert Avery

McClain ("McClain") allegedly assaulted plaintiff-appellant Michael C. Heflin

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("Heflin"). Heflin appeals the dismissal of his suit against the County of Los Angeles (the "County") and Sheriff Leroy Baca for failure to state a claim for the state law torts of negligence and violation of mandatory statutory duties. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 206 (9th Cir. 1991), we affirm.

The facts are known to the parties; we do not repeat them.

The County is not liable for McClain's tortious actions pursuant to CAL. GOV'T CODE § 815.2(a) because McClain was not acting within the scope of his employment. According to Heflin's First Amended Complaint, the assault occurred after McClain drove to another jurisdiction to confront Heflin about a personal dispute. Because McClain "*substantially* deviate[d] from [his] employment duties for personal purposes," the County is not liable. *Farmer Ins. Grp. v. Cnty. of Santa Clara*, 906 P.2d 440, 449 (Cal. 1995); *see Van Ort v. Estate of Stanewich*, 92 F.3d 831, 840 (9th Cir. 1996) (holding a county was not liable for "[t]he free-lance criminal exploits of a law enforcement officer").

The County is also not liable for its negligent hiring and supervision of McClain. California common law holds *private* employers liable under such theories. *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054 (1996). But "[i]n California, a governmental entity can only be sued in tort pursuant to an

2

authorizing statute or enactment." *Van Ort*, 92 F.3d at 840. Heflin points to no statutory language supporting a negligent hiring or supervision claim against a public entity. *Id.* at 840-41; *see also de Villers v. Cnty. of San Diego*, 156 Cal. App. 4th 238, 251-52, 260 (Cal. Ct. App. 2007).

Finally, the defendants are not liable for failure to fulfill a mandatory duty under Cal Gov't Code § 815.6. "A plaintiff asserting liability under Government Code section 815.6 must specifically allege the applicable statute or regulation." *Brenneman v. California*, 208 Cal. App. 3d 812, 817 (Cal. Ct. App. 1989) (internal quotation marks omitted). None of the provisions that Heflin lists meets the exacting requirements of § 815.6 liability. *See In re Groundwater Cases*, 154 Cal. App. 4th 659, 689 (Cal. Ct. App. 2007).

Los Angeles County Code § 2.34.060 and Cal Gov't Code § 1031 are "general declaration[s] of policy goals," and "d[o] not impose a mandatory duty" within the meaning of § 815.6. *In re Groundwater Cases*, 154 Cal. App. 4th at 692 (internal quotation marks omitted).

Because Cal. Penal Code §§ 13510 and 13523 and Cal. Code Regs tit. 11, § 9030(b)(1) impose duties only on the Commission on Peace Officer Standards and Training, they cannot render the County liable. *In re Groundwater Cases*, 154 Cal. App. 4th at 689. Cal. Penal Code § 13522 *does* require the

County to include certain materials in its application to participate in the POST program, but Heflin does not allege that the County failed to fulfill that duty.

CAL. CODE REGS. tit. 11, § 9050 requires the County to "ensure that every 'peace officer candidate' . . . satisfies all minimum selection requirements."  But the County has discretion to decide how to satisfy those standards.  CAL. CODE REGS. tit. 11, § 9053(b) ("The use of the [POST Background Investigation] manual is discretionary. . . ."); *see also* CAL. CODE REGS. tit. 11, § 9054 (describing no specific procedure for the psychological evaluation).  As a result, these regulations do not create the sort of ministerial duties that subject a public entity to  § 815.6 liability.  *Haggis v. City of L.A.*, 993 P.2d 983, 987 (Cal. 2000) ("It is not enough . . . that a public entity or officer have been under an obligation to perform the function if the function itself involves the exercise of discretion.").[1]

AFFIRMED

---

[1] Because the provisions to which Heflin points do not creates mandatory duties, we do not reach the other elements of liability under § 815.6.